FILED
U.S. DISTRICT COURT

2008 AUG 29 A 9 38

CLERK L. Jenkins

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 107-108 |
| | ) | |
| LAUREN BROOKE EVANS | ) | |

## ORDER

Defendant Lauren Brooke Evans filed a motion for severance in this multi-defendant, drug conspiracy case.[1] Defendant moves for severance based on the argument that "[p]rejudice will be inescapable if the jury will be unable to compartmentalize [her] alleged violations from the alleged violation and alleged related acts of the co-defendants, which include highly prejudicial crimes that are in no way connected to [her], as [she] expects the evidence to show." (Doc. no. 150, p. 2). Defendant offers no factual support, let alone specific factual support, for her contention that she will be prejudiced by a "spillover" effect from the evidence against the other Defendants. For the reasons developed more fully herein, the motion is **DENIED**.

When multiple defendants are indicted, joined offenses must be reviewed initially under the standard set forth under Fed. R. Crim. P. 8(b). United States v. Grassi, 616 F.2d 1295, 1302 (5th Cir. 1980). Fed. R. Crim. P. 8(b) provides:

---

[1] Defendant is charged in Count One with Conspiracy to Possess with Intent to Distribute and to Distribute Methamphetamine, in violation of 21 U.S.C. §846, and in Count Seven with Distribution of Methamphetamine, in violation of 21 U.S.C. § 841(a)(1). (Doc. no. 1).

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Defendants who are jointly indicted should be tried together, especially if they are charged with conspiracy. United States v. Baker, 432 F.3d 1189, 1236 (11th Cir. 2005); United States v. Cassano, 132 F.3d 646, 651 (11th Cir. 1998); United States v. Meester, 762 F.2d 867, 883 (11th Cir. 1985).

The Eleventh Circuit has construed the "same series of acts or transactions" language of Rule 8(b) to require the government to "demonstrate that the acts alleged are united by some substantial identity of facts and or participants." United States v. Wilson, 894 F.2d 1245, 1253 (11th Cir. 1990) (quoting United States v. Morales, 868 F.2d 1562, 1569 (11th Cir. 1989)). Each participant need not have been involved in every phase of the scheme or to know each of the other participants' roles and identities. United States v. Alred, 144 F.3d 1405, 1415 (11th Cir. 1998); Wilson, 894 F.2d at 1253 (citing United States v. Andrews, 765 F.2d 1491, 1496 (11th Cir. 1985)). It should be noted that the conspiracy count alleged in the indictment refers to "the defendants" collectively and alleges that all Defendants "did knowingly and intentionally combine, conspire, confederate, and agree together with each other . . . to commit certain offenses against the United States."[2] (Doc. no. 1, p. 2). Under this construction of the allegations in the conspiracy count, all of Defendants' roles were

---

[2]The offenses committed against the United States are identified as distribution and possession with intent to distribute over 500 grams of a mixture of methamphetamine or over 50 grams [of] actual methamphetamine. (Doc. no. 1, p. 2). The substantive count alleged against Defendant Evans involves the distribution of a mixture of methamphetamine. (Id., Count 7).

2

central and indispensable to the overall success of the scheme. Again, the Court notes that the law does not require that each defendant be involved in every aspect of the conspiracy. See generally United States v. LaChance, 817 F.2d 1491, 1495 (11th Cir. 1987).

Once Rule 8(b) has been satisfied by the allegations in the indictment, severance is governed entirely by Fed. R. Crim. P. 14, which recognizes that even proper joinder under Rule 8(b) may prejudice a defendant or the government. United States v. Lane, 474 U.S. 438, 447 (1986). Rule 14(a) provides:

> **Relief.** If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Rule 14 leaves the determination of prejudice and a remedy, if necessary, to the sound discretion of the district court. Zafiro v. United States, 506 U.S. 534, 541 (1993). Following Zafiro, the Court must order severance only where there is a serious risk that a joint trial will compromise a specific trial right or prevent the jury from making a reliable judgment about guilt or innocence. Id. at 539.

However, even where prejudicial joinder is shown, Rule 14 does not mandate severance; it is within the trial court's discretion to determine the appropriate remedy. Id. at 538-39; Lane, 474 U.S. at 449 n.12. Indeed, to receive relief under Fed. R. Crim. P. 14, the defendant must show "specific and compelling prejudice." LaChance, 817 F.2d at 1495. The courts have recognized that some degree of prejudice is inherent in every joint trial, but "only in the event such prejudice appears to be compelling does severance become warranted." United States v. Harris, 908 F.2d 728, 736 (11th Cir. 1990) (citing United States

v. Roper, 874 F.2d 782, 789 (11th Cir. 1989)). The compelling prejudice requirement is not satisfied simply because much of the evidence presented at trial is admissible only against a co-defendant. United States v. Pritchett, 908 F.2d 816, 822 (11th Cir. 1990). The Eleventh Circuit has defined compelling prejudice as follows: "'Compelling prejudice' means that the jury will not be able to 'collate and appraise the independent evidence against each defendant. . . .' Though the task be difficult, unless the jury is unable to perform it, severance should not be granted." United States v. Nixon, 918 F.2d 895, 906 (11th Cir. 1990) (quoting United States v. Sans, 731 F.2d 1521, 1533 (11th Cir. 1984)).

Moreover, severance is only required where the jury cannot "separate the evidence that is relevant to each defendant and render a fair and impartial verdict as to [that defendant]." United States v. Lippner, 676 F.2d 456, 464 (11th Cir. 1982). Indeed, a limiting instruction will normally "suffice to cure any risk of prejudice." Zafiro, 506 U.S. at 539; Richardson v. Marsh, 481 U.S. 200, 211 (1987). "[I]t is presumed that cautionary instructions to the jury to consider the evidence separate as to each defendant will adequately guard against prejudice." United States v. Leavitt, 878 F.2d 1329, 1340 (11th Cir. 1989); United States v. Kopituk, 690 F.2d 1289, 1320 (11th Cir. 1982) (finding that cautionary instruction is "most efficacious tool to protect against" danger of spillover prejudice). Defendant bears a "heavy burden" to establish "clear and compelling prejudice" from including a challenged count which could not be alleviated by the trial court and thereby prevents her from having a fair trial. United States v. Kabbaby, 672 F.2d 857, 861 (11th Cir.

1982) (*per curiam*). It is also well settled that criminal defendants are not entitled to severance simply because separate trials would provide better chances of acquittal. Zafiro, 506 U.S. at 540.

Nevertheless, in this circuit, there are several situations where Rule 14 severance should be considered. United States v. Watchmaker, 761 F.2d 1459, 1476-77 (11th Cir. 1985) (prejudicial spillover); see also United States v. Esle, 743 F.2d 1465, 1476 (11th Cir. 1984) (antagonistic defenses conflicting to the point of being irreconcilable and mutually exclusive), *overruled on other grounds by* United States v. Blankenship, 382 F.3d 1110, 1122 n.23 (11th Cir. 2004); United States v. Harrell, 737 F.2d 971, 976 (11th Cir. 1984) (disparity in quantum of proof may justify severance in extreme cases where cautionary instruction could not furnish cure); United States v. Taylor, 508 F.2d 761, 764-65 (5th Cir. 1975) (introduction of non-testifying co-defendant's confession inculpating moving defendant). This list is by no means exhaustive. It simply provides a helpful reference for considering the types of situations which might trigger severance under Rule 14.

In the instant case, Defendant contends that she will be impermissibly prejudiced by a consolidated trial. However, she completely fails to identify what evidence the government may introduce against a Co-Defendant which would be inadmissible against her. Therefore, this argument must fail because there is no factual predicate allowing the Court to determine whether any remedy short of severance is appropriate. As explained earlier, the moving defendant must show "clear and compelling prejudice" to the conduct of her defense. Kabbaby, 672 F.2d at 861. Defendant has not done so.

To the extent that the motion suggests that Defendant will be prejudiced by "guilt by association" or "prejudicial spillover," she has also completely failed to overcome the dual presumptions that a jury will capably sort through the evidence and faithfully follow limiting instructions to consider the evidence against each defendant separately. Zafiro, 506 U.S. at 540; Richardson, 481 U.S. at 211. Again, the Court must order severance only where there is a serious risk that a joint trial will compromise a specific trial right of a properly joined defendant or prevent the jury from making a reliable judgment about guilt or innocence. Zafiro, 506 U.S. at 539. Bare assertions of prejudice will not suffice. Id. at 539-40.

In sum, there is nothing before this Court suggesting in any probative way that severance is necessary. Defendant has made no showing whatsoever that the evidence in this case is so voluminous or complex that a properly instructed jury honestly and diligently seeking the truth cannot properly perform its fact finding function. Therefore, the motion for severance is **DENIED**. (Doc. no. 150).

SO ORDERED this 29th day of August, 2008, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE