FILED
U.S. DISTRICT COURT
2008 AUG 29 PM 2: 35
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 107-108 |
| | ) | |
| LAUREN BROOKE EVANS | ) | |
| HAL GADDIS | ) | |
| BRANDON RAY SAVERANCE | ) | |

**O R D E R**

Defendants Brandon Ray Saverance and Lauren Brooke Evans each filed a motion requesting that the government provide notice of its intention to rely on evidence at trial that is arguably subject to suppression. Defendants filed these motions to require the government to give notice of its intention to use any evidence in its evidence-in-chief at trial which they are entitled to discover under the Federal Rules of Criminal Procedure. Defendants seek an opportunity to suppress any such evidence, attack the relevancy and materiality of such evidence, and review such evidence. Rule 12 of the Federal Rules of Criminal Procedure is not a discovery Rule. Furthermore, the Rule's purpose is limited to providing notice of discoverable evidence that Defendant may wish to suppress. To require the government to give notice of all the evidence to be used in the case would bring the government's investigation to an end. The Court is aware of the government's policy in this case to provide "open file" discovery, a policy which results in disclosure of documents and things

not required to be disclosed pursuant to Rules 12 and 16 of the Federal Rules of Criminal Procedure. This should effectively eliminate any possibility of surprise.

It must be remembered that pursuant to Rule 12(b)(4)(B), "the defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16." It is clear that what the government is required to disclose early on in the pendency of the case is evidence gathered from searches and seizures including electronic monitoring, and statements and confessions, all of which may be subject to suppression upon motion by Defendants. In essence the Rule requires the government to make early disclosure of these matters to allow the Court to determine any suppression motions prior to trial thereby avoiding needless delay during trial. The government's "open file" discovery policy in this case addresses all of these concerns. The government is reminded that its duty to disclose is a continuing one, and any "arguably" suppressible evidence coming into its possession after its initial discovery disclosures must be disclosed as soon as practicable. Accordingly, Defendants' motions are **MOOT**. (Doc. nos. 101-1, 135).

Defendant Saverance also seeks an extension of time in which to file a motion "to suppress all evidence, including oral statements, made by the Defendant to Government agents, which were obtained in violation of constitutional, statutory, or other legal rights." Doc. no. 101, p. 1). The Court ordered that all motions in this case were to be filed within ten (10) days of the date of arraignment and that untimely motions would not be considered

2

absent a showing of good cause for failure to file within the time set by the Court.[1] (Doc. no. 103, p. 1). Accordingly, this motion **DENIED** (doc. no. 101-2), with the caveats that this Order does not prohibit Defendant from making his showing of cause contemporaneously with the filing of out-of-time motions, and as described below, Defendant shall have **ten (10) calendar days from the date of this Order** to file a particularized motion to suppress.[2]

Defendant Saverance's motion for an extension also requests an evidentiary hearing on any potential suppression motion. The Court notes that the decision to grant or deny such a request is left to the Court's discretion. United States v. Cooper, 203 F.3d 1279, 1285 (11th Cir. 2000); United States v. Sneed, 732 F.2d 886, 888 (11th Cir. 1984) (*per curiam*). "[A] criminal defendant has no absolute or presumptive right to insist that the district court take testimony on every motion." United States v. Lewis, 40 F.3d 1325, 1332 (1st Cir. 1994) (affirming denial of a motion for evidentiary hearing on motion to suppress) (citation omitted).

A district court should grant a request for an evidentiary hearing when the moving papers, including the affidavits, are "sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented." United

---

[1] A motion may not be filed outside the deadlines set by this Court at arraignment except by leave of Court upon a showing of cause. United States v. Smith, 918 F.2d 1501, 1509 (11th Cir. 1990); Fed. R. Crim. P. 12(c), (e).

[2] The Court notes that Defendant Saverance has already filed one motion to suppress evidence in which he challenges the warrantless search of his car after his arrest on August 26, 2007. (Doc. no. 126). Although the affidavit offered in support of the motion bore only an electronic signature of Defendant Saverance and the Notary Public, a practice that is not accepted by the Clerk of Court for non-attorneys, defense counsel has since filed a corrected affidavit bearing the appropriate signature of Defendant and the Notary Public. (See doc. no. 166).

3

States v. Richardson, 764 F.2d 1514, 1527 (11th Cir. 1985) (quoting United States v. Poe, 462 F.2d 195, 197 (5th Cir. 1972)). However, a district court is not compelled to grant an evidentiary hearing when a defendant promises to allege at a hearing what he has failed to allege in his motion papers. Cooper, 203 F.3d at 1285. Thus, the burden is upon Defendant to allege facts that would, if proven true, entitle him to relief. Lewis, 40 F.3d at 1332. This Court has a Local Rule that addresses the proper means by which to allege those facts:

> Every factual assertion in a motion, response, or brief shall be supported by a citation to the pertinent page in the existing record or in any affidavit, discovery material, or other evidence filed with the motion. Where allegations of fact are relied upon that are not supported by the existing record, supporting affidavits shall be submitted.

Loc. Crim. R. 12.1.

Here, Defendant has provided absolutely no evidentiary detail to support any type of anticipated claim for suppression. In sum, any request for suppression, filed without an affidavit in support from Defendant and without any evidentiary support, would not satisfy his burden of coming forward with allegations that are sufficiently definite, specific, detailed, and nonconjectural to cause the Court to conclude that a substantial claim exists.

Accordingly, the Court will not schedule a hearing on any forthcoming motion to suppress unless and until Defendant files an appropriate affidavit or citations to record evidence in support of his motion to suppress. If Defendant intends to file a particularized motion to suppress in compliance with Loc. Crim. R. 12.1, he should do so no later than **10 calendar days** from the date of this Order. Any supporting affidavit should set forth the specific factual allegations upon which Defendant bases his contention that his rights were

violated, and if the alleged violations involved a search, that he had a legitimate expectation of privacy in the property searched.[3] Rawlings v. Kentucky, 448 U.S. 98, 104-05 (1980) (citing Rakas v. Illinois, 439 U.S. 128, 131 n.1 (1978)). To establish a legitimate expectation of privacy, "a defendant must demonstrate that he personally has an expectation of privacy in the place searched, and that his expectation is reasonable," that is, recognized and permitted by society. Minnesota v. Carter, 525 U.S. 83, 88 (1998). If a particularized motion to suppress is not filed within this ten-day period, the cause requirement for filing an untimely motion set forth in note one of this Order shall apply.

In addition, Defendant Evans filed a "Motion to Inspect, Examine, and Test Physical Evidence." (Doc. no. 151). This motion is **GRANTED**, subject to the following terms and conditions:

(a) Counsel for Defendant must determine which items of physical evidence he wishes to have tested or examined by experts of his own choosing and submit a list of such items to the government;

(b) Counsel for Defendant shall confer with the government's attorney to work out the availability of substances or materials to be tested;

(c) Any testing by experts on behalf of Defendant must be completed within fifteen (15) days of the date of this Order;

(d) A representative of the government qualified in the field of such testing shall be present to observe the testing procedures and technique used by Defendant's experts. In

---

[3]As explained in footnote 2, *supra*, the supporting affidavit should also bear an appropriate signature of Defendant and/or any other non-attorney whose signature may appear on the document.

addition, testing shall not be performed without the presence of the government's technical observer; and

(e) A copy of the test or laboratory results obtained by Defendant's experts shall be served upon the government's representative not later than five (5) days after conducting the actual test.

Defendant Evans, along with Defendant Hal Gaddis, also filed motions to preserve evidence, including rough notes of agents. (Doc. nos. 142, 152, 155). Defendants do not demand disclosure or production of this evidence, merely preservation. While this material is not generally discoverable, it may later during trial have probative value for purposes of impeachment. The small inconvenience to the government is outweighed by Defendants' interest in a fair trial and the possibility that among the evidence there could be an item later needed for use at trial. Thus, these motions are **GRANTED**. The government is required to preserve all evidence in this case.

Lastly, Defendant Evans filed a motion to adopt the motions filed by her Co-Defendants.[4] (Doc. no. 140). This motion to adopt is **GRANTED**. Defense counsel is instructed to file written notice with this Court of the specific motions that Defendant intends

---

[4]The Court is aware that there are various other pre-trial and discovery motions pending in this case. Those motions will be addressed, as necessary, by separate order.

to adopt. Such written notice must be filed not later than ten (10) days from the date of this Order.

SO ORDERED this 29th day of August, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE